IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| JASON WASHINGTON | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:15cv248 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Petitioner Jason Washington, proceeding *pro se*, filed this petition for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding. 28 U.S.C. §636(c).

**I. Background**

Washington was convicted by a jury in the 114th Judicial District Court of Smith County, Texas of delivery of a controlled substance in the amount of less than one gram in a drug-free zone. On September 13, 2012, he received a sentence of 20 years in prison. This conviction was upheld on appeal by the Sixth Judicial District Court of Appeals and Washington's petition for discretionary review was refused by the Texas Court of Criminal Appeals on August 21, 2013. *Washington v. State*, slip op. no. 06-12-00162-CR, 2013 WL 1908706 (Tex.App.-Texarkana, May 8, 2013, pet. ref'd). Washington did not seek certiorari review from the United States Supreme Court.

Washington filed his first state habeas corpus application on September 3, 2013. On January 8, 2014, the Court of Criminal Appeals dismissed the petition because Washington's conviction was not final, in that the mandate had not yet issued on his petition for discretionary review. Washington then filed his second state habeas application on July 25, 2014, and this application was denied by the Court of Criminal Appeals without written order on October 29, 2014.

1

Washington signed his federal habeas petition on March 18, 2015. In this petition, Washington asserts that: (1) the evidence regarding the drug-free zone is legally insufficient to support the verdict; (2) he received ineffective assistance of counsel in a number of particulars; (3) the prosecutor violated Article 36.22 of the Texas Code of Criminal Procedure by going into the jury room (with Washington's attorney) during deliberations without permission from the court; and (4) Washington's sentence was improperly enhanced. The Respondent has answered the petition, arguing that Washington's petition is barred by the statute of limitations and his claims have no merit. Washington filed a response to the answer which did not address the limitations issue.

## II. Legal Standards and Analysis

The statute of limitations, set out in 28 U.S.C. §2244(d), reads as follows:

**(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This statute was enacted as part of the Anti-Terrorism and Effective Death Penalty Act on April 24, 1996. In this case, the Texas Court of Criminal Appeals refused his petition for discretionary review on August 21, 2013, and Washington had 90 days from that date in which to seek certiorari review from the U.S. Supreme Court. When he did not do so, his conviction became final at the end of that 90 day period, which was on Tuesday, November 19, 2013. *Foreman v.*

*Dretke*, 383 F.3d 336, 340 (5th Cir. 2004). Washington's limitations period began to run at that time and expired on Wednesday, November 19, 2014, absent the operation of other factors.

In this regard, Washington does not point to any state-create impediments which prevented him from seeking state habeas corpus relief in a timely manner. Nor does he show that he is asserting a right which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Washington does not contend, nor does the record indicate, that any of the factual predicates of his claims could not have been discovered in a timely manner through the exercise of due diligence.

Washington's first state habeas corpus application was dismissed by the Court of Criminal Appeals because it was prematurely filed, in that his conviction had not yet become final. As used by the Court of Criminal Appeals, the term "dismissed" means that the court declined to consider the claim for reasons unrelated to the merits, while the term "denied" means that the court addressed and rejected the merits of a particular claim. *See Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997).

28 U.S.C. §2244(d)(2) provides that a "properly filed" state application for collateral review will toll the limitation period while the application is pending. An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). The Fifth Circuit has held that a Texas state habeas application which is filed before the conviction is final is not "properly filed" within the meaning of §2244(d)(2). *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004). Washington's first state habeas application was not properly filed and thus does not toll the statute of limitations.

Washington's second state habeas application was properly filed and does toll the limitations period. This application was filed on July 25, 2014, after 248 days had elapsed. This left 117 days in Washington's limitation period. When Washington's habeas application was denied by the Court of Criminal Appeals on October 29, 2014, the limitations period began to run where it had left off,

3

and ended on Tuesday, February 24, 2015. Washington signed his federal habeas petition on March 18, 2015, over three weeks too late.

Nor has Washington set out a plausible claim of actual innocence so as to evade the limitations bar. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). In this regard, the Supreme Court explained that tenable actual-innocence gateway pleas are rare; a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.*, *citing Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *see also House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

In *Schlup*, the Supreme Court explained that to be credible, a claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial. Washington has offered nothing to suggest that he is actually innocent so as to pass through the gateway and avoid the operation of the statute of limitations.

Finally, Washington has not shown any other basis upon which the limitations period should be equitably tolled. The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this determination, the Fifth Circuit has expressly held that proceeding *pro se*, illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process are insufficient reasons for equitable tolling

4

of the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000); *see also Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir. 1999).

The Supreme Court has stated that equitable tolling applies in federal habeas corpus challenges to state convictions, but that a petitioner may be entitled to such tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).

Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996).

The Fifth Circuit has explained that equitable tolling is not intended for those who "sleep on their rights." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). This comports with the Supreme Court's holding that "reasonable diligence" is required for entitlement to equitable tolling. *Holland*, 130 S.Ct. at 2562; *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). The record in this case shows that Washington slept on his rights and failed to exercise reasonable diligence, and as a result, is not entitled to equitable tolling of the statute of limitations. His petition should be dismissed on this basis.

**III. Conclusion**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner

has made a substantial showing of a denial of a constitutional right on the issues before that court. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The prerequisite for either a certificate of probable cause or a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

In this case, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Washington's petition is barred by the statute of limitations. For this reason, Washington is not entitled to a certificate of appealability. It is accordingly

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE** as barred by the statute of limitations. It is further

**ORDERED** that the Petitioner Jason Washington is **DENIED** a certificate appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So ORDERED and SIGNED this 20th day of June, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE